UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEARNING RESOURCES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15-cv-7980 ) |
| TARGET CORPORATION, TARGET BRANDS, INC., and ANKYO DEVELOPMENT LTD., | ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff Learning Resources, Inc. ("Learning Resources") complains against Defendants Target Corporation, Target Brands, Inc. (Target Corporation and Target Brands, Inc. are collectively referred to as "Target") and Ankyo Development Ltd. ("Ankyo") as follows:

### *Nature of the Case*

1. Plaintiff Learning Resources is a well-known leader in children's toys and educational products. In 2014 Learning Resources showcased several of its products to Target representatives in the hopes that Target would buy them from Learning Resources and sell them in Target stores during the 2015 back-to-school season. One of the products Learning Resources showed to Target was an instructional pointer with an original hand-shaped sculpture at the pointer tip (the "LR Hand Pointer") designed by Learning Resources and for which Learning Resources owns the copyright. After considering sample LR Hand Pointers provided by Learning Resources, the Target representatives told Learning Resources' sales representative that Target liked the hand pointer, but that they found another vendor who could make the same product at a wholesale price low enough for Target to sell the pointers for a third of the retail

price as the LR Hand Pointers.  In the summer of 2015, Target began selling a hand pointer supplied by Defendant Ankyo that is substantially identical to the pointers Learning Resources provided to Target the previous fall.  Ankyo and Target have conspired to copy Learning Resources' original LR Hand Pointer design and their sale of the knock-off hand pointers constitutes willful copyright infringement.

### *The Parties*

2. Plaintiff Learning Resources is a corporation duly organized and existing under the laws of the State of Illinois.  Learning Resources has its principal place of business at 380 North Fairway Drive, Vernon Hills, Illinois.

3. Learning Resources designs, manufactures, and sells educational products, including products for teaching math and reading skills.  Learning Resources sells its products through a variety of distribution channels, including national retailers such as Target, specialty retailers, brick-and-mortar stores, websites, direct sales, and direct mail catalogs.

4. On information and belief, Defendants Target Corporation and Target Brands, Inc. are corporations organized and existing under the laws of the State of Minnesota, with their principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.  On information and belief, Target Brands, Inc. is a subsidiary of Target Corporation and operates retail stores throughout the U.S., including in this judicial district.

5. On information and belief, Defendant Ankyo is a Hong Kong company with its principal place of business at Room 101-2, 1st Floor, Knutsford Commercial Building, No. 4-5 Knutsford Terrace, Tsim Sha Tsui, Kowloon, Hong Kong.  On information and belief, Defendant Ankyo also operates an office at 727 Brea Canyon Road, Suite 14, Walnut, California 91789.


*Jurisdiction and Venue*

6. This action arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

8. This Court has personal jurisdiction over Defendant Target because Target regularly conducts business within this judicial district and has committed one or more of the acts complained of in this Complaint within this judicial district by selling its infringing products through Target stores located within this judicial district.

9. This Court has personal jurisdiction over Defendant Ankyo because Ankyo has committed one or more of the acts complained of in this Complaint within this judicial district by conspiring with and selling its infringing products to Target with the knowledge that the infringing products are copies of Learning Resources' hand pointer and would be sold in this judicial district. This Court also has personal jurisdiction over Ankyo because Ankyo knowingly copied or directed another to copy Learning Resources' copyrighted design and therefore committed an intentional tort against Learning Resources, a resident of this judicial district, with the knowledge that Learning Resources would be harmed and which, in fact, has caused harm to Learning Resources in this judicial district.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

*Facts*

11. Learning Resources is known for educational content, product innovation, and its strong design sense. Founded in 1984, Learning Resources has devoted decades to developing rigorous but entertaining educational products to teach children a variety of basic skills, such as

math and reading.  Learning Resources' products have won hundreds of product awards and are prized by schools and educational leaders for outstanding content, highly engaging and innovative product design, and excellent product quality and durability.  Learning Resources is recognized as a world leader in hands-on learning, and its children's educational games and other products that promote hands-on learning are found in the school, parent, and other consumer markets.

12. Learning Resources designed an original toy pointer as shown below (the "LR Hand Pointer"):



13. Learning Resources owns a copyright in its original design of the LR Hand Pointer.  Learning Resources also owns U.S. Copyright Registration No. VA0001963398.  A true and correct copy of U.S. Copyright Registration No. VA0001963398 is attached as Exhibit A.

14. At the 2014 Toy Industry Association Fall Toy Preview in Dallas, Texas, LR, in conjunction with its sales representative Brad Ketz of Ketz & Associates Inc., presented for sale to Kelly Breuer, a Target employee, pointers substantially identical to the LR Hand Pointer shown above.

15. On or about October 15, 2014, Learning Resources sent approximately 20 samples of the LR Hand Pointers to Brad Ketz to provide to Target.  Those samples of the LR Hand Pointers were branded with Learning Resources' name and logo.  Target received the samples of the LR Hand Pointers sometime between October 15, 2014, and October 27, 2014.

16. Shortly after sending the samples of the LR Hand Pointer to Target, Mr. Ketz sent an email to Ms. Breuer asking if Target had any "feedback" on the pointers.

17. Ms. Breuer responded on October 27, 2014, as follows:

> I showed them to Marie, and she really likes them, but we can't do them at $3. We have found another vendor that was able to offer them at $1 so we are going to go with them.

18. A true and correct copy of the email exchange between Brad Ketz and Kelly Breuer on October 27, 2014, is attached as Exhibit B.

19. Target apparently did exactly what Ms. Breuer said it would do. Target found a vendor to copy the LR Hand Pointers and sell them to Target at a cheaper price than Learning Resources.

20. On information and belief, Target provided one or more of the LR Hand Pointers to Defendant Ankyo, each branded with Learning Resources' name and logo.

21. On information and belief, Ankyo used the sample LR Hand Pointers to copy Learning Resources' original design for the sculpted hand.

22. The picture below shows the LR Hand Pointer (blue) next to the Ankyo hand pointer (purple) (the "Accused Pointer"):



23. As shown in the picture above, the LR Hand Pointer and the Accused Pointer are virtually identical in design, including the same dimensions, shape, finger and thumb positions, circular base below the hand, and contour lines on the fingers and palm of the hand.

24. On information and belief, Ankyo sold the Accused Pointer to Target for sale in Target stores. The Accused Pointers sold in Target stores bear Ankyo's name.

25. Target has sold and continues to sell the Accused Pointer in its stores throughout the United States, including in Target stores within this district.

26. In an attempt to resolve this dispute without litigation, Learning Resources complained by letter to Target about the copied hand pointers. Target responded by directing Learning Resources to discuss the matter with Target's vendor, Ankyo. Ankyo did not deny copying Learning Resources' LR Hand Pointer. Both Ankyo and Target have refused to take any steps to remediate their willful copyright infringement, and Target continued to sell the infringing Accused Pointers after receiving Learning Resources' complaining letter.

## Count I
### *Copyright Infringement*

27. Learning Resources incorporates the allegations of Paragraphs 1-26 of this Complaint by reference into this Count as though fully set forth herein.

28. Learning Resources owns a valid and enforceable copyright and U.S. Copyright Registration No. VA0001963398 for the work entitled TOY HAND POINTER.

29. Despite Learning Resources' exclusive rights to the work entitled TOY HAND POINTER, Defendants have infringed, induced, or contributed to the infringement of, Learning Resources' copyright in the work entitled TOY HAND POINTER by copying the LR Hand Pointer and by importing, publically displaying, distributing and selling the Accused Pointer, all without Learning Resources' permission, in violation of 17 U.S.C. § 501.

30. Defendants' copyright infringement has been willful, knowing, and intentional.

31. Defendants' copyright infringement has caused irreparable harm to Learning Resources that cannot be easily ascertained.

32. Unless enjoined by the Court, Defendants will continue to do the acts complained of in this Complaint and cause damage and injury, all to Learning Resources' irreparable harm and Defendants' unjust enrichment.

### *Prayer for Relief*

Learning Resources respectfully requests that the Court enter judgment in favor of Learning Resources and against Defendants, granting the following relief:

(a) judgment that Defendants have willfully infringed, induced infringement of, or contributed to the infringement of Learning Resources' copyright in the work entitled TOY HAND POINTER;

(b) an injunction against Defendants, including their officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with them who receive notice of this injunction, permanently enjoining them from copying, importing, publicly displaying, distributing, selling, or advertising products infringing Learning Resources' copyright;

(c) an order that Defendants be directed to deliver up to this Court for destruction, pursuant to 17 U.S.C. § 503, all products, packaging, prints, advertisements, publications, promotions, or other articles in its possession infringing upon Learning Resources' copyrights, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, screens, or other means of making the same;

     (d)    an order that Defendants be required to account for and pay over to Learning Resources all actual damages suffered by Learning Resources; all gains, profits, and advantages derived by each of the Defendants from their infringement of Learning Resources' copyright, and such other damages as the Court shall deem proper within the Copyright Act;

     (e)    an award of increased damages to fully compensate Learning Resources and punitive damages for the willful and wanton nature of Defendants' wrongful acts;

     (f)    an award to Learning Resources of its costs and expenses, including all reasonable attorneys' fees recoverable under the Copyright Act or any other applicable law or rule; and

     (g)    pre-judgment and post-judgment interest as allowed by law;

     (h)    such other and further relief as this Court deems fair and equitable.

### *Jury Demand*

Learning Resources demands a trial by jury on all issued properly tried to a jury.


Dated: September 10, 2015            /s/  Larry L. Saret

                                                    Larry L. Saret (2459337)
                                                     llsaret@michaelbest.com
                                                    Paul R Coble (6296105)
                                                     pcoble@michaelbest.com
                                                    MICHAEL BEST & FRIEDRICH LLP
                                                    Two Prudential Plaza
                                                    180 North Stetson Avenue, Suite 2000
                                                    Chicago, IL  60601
                                                    Telephone:  312-222-0800